IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANNY RIVAS VAZQUEZ,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-4179** |
| | : | |
| **THE STATE OF PENNSYLVANIA-** | : | |
| **COMMONWEALTH,** | : | |
|     **Defendant.** | : | |

**MEMORANDUM OPINION**

**BEETLESTONE, J.**                                                                                               **OCTOBER 19, 2021**

      Plaintiff Danny Rivas Vazquez ("Rivas Vasquez"), a prisoner incarcerated at the Lehigh County Jail ("LCJ"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims against "The State of Pennsylvania-Commonwealth" based on allegations that he was imprisoned beyond his maximum sentence. Rivas Vazquez seeks to proceed *in forma pauperis*. For the following reasons, Rivas Vazquez will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed for failure to state a claim without prejudice to amendment.

**I.**      **FACTUAL ALLEGATIONS**[1]

      Rivas Vazquez alleges that he was deprived of his liberty without due process in connection two criminal proceedings in the Lehigh County Court of Common Pleas, *Commonwealth v. Rivas-Vazquez*, No. CP-39-CR-3511-2016 (Lehigh C.P.) and *Commonwealth*

---

[1] The following allegations are taken from the Complaint, documents attached to the Complaint as exhibits, and publicly available dockets of which this Court may take judicial notice.

1

*v. Rivas-Vazquez*, CP-39-CR-3360-2016 (Lehigh C.P.).[2]  Rivas Vazquez alleges that he "exceeded [his] maximum term of imprisonment by 3 months or so" when he was held "without bail for a probation violation based upon new charges in bucks County" even though he had "made bail."  Rivas Vazquez claims he "petitioned the Judge and probation was dismissed" and that he "received no further penalty on the new charge" but "could've been released sooner."  It is not clear from the Complaint when Rivas Vazquez was ultimately released.  Rivas Vazquez seeks monetary damages in an unspecified amount.

## II.   STANDARD OF REVIEW

Rivas Vazquez will be granted leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "The factual allegations in the complaint and all reasonable inferences that can be drawn therefrom" are accepted as true.  *Allah*, 229 F.3d at 223.  As Vazquez is proceeding *pro se*, his allegations are liberally construed.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

---

[2] These dockets correlate with the "OTN" numbers provided in Vazquez's Complaint.

[3] However, as Vazquez is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

### III. DISCUSSION

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A State is not a "person" within the meaning of the statute and the Eleventh Amendment bars suits against a State in federal court unless the State has waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. C.S.A. § 8521(b). For these reasons, Vazquez cannot state a claim against the Commonwealth, which is the only named Defendant in this case.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Vazquez leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Vazquez will be given leave to file an amended complaint in the event he can state a claim against an appropriate Defendant who allegedly violated his rights in connection with the events alleged in the Complaint. An appropriate Order follows.

                            **BY THE COURT:**

                            /s/Wendy Beetlestone, J.

                            **WENDY BEETLESTONE, J.**