IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNY RIVAS VAZQUEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-4179 |
| | : | |
| LEHIGH COUNTY, STEVE KALNAS, | : | |
|     Defendants. | : | |

<u>MEMORANDUM OPINION</u>

BEETLESTONE, J.                                                                                                   JANUARY 3, 2022

Plaintiff Danny Rivas Vasquez seeks monetary damages for incarceration allegedly beyond his maximum term of imprisonment. His original Complaint against the State of Pennsylvania was dismissed without prejudice because the State is not a "person" within the meaning of 42 U.S.C. § 1983 and has not waived its sovereign immunity with respect to such suits. Plaintiff now brings an Amended Complaint against Lehigh County and Steve Kalnas, a probation officer. For the reasons set forth below, Plaintiff's Amended Complaint will be dismissed, in part with prejudice and in part without prejudice.

I.   **FACTUAL ALLEGATIONS**

Rivas Vasquez brings this suit against Lehigh County and Kalnas for false imprisonment.[1] Specifically, he alleges that his maximum term of imprisonment came to an end in early June 2020, but that he was only released from Lehigh County Jail around September 14, 2020. During that time, he maintains, measures responsive to the COVID-19 pandemic were imposed at the jail and all prisoners were placed on lockdown for 23 hours a day. Rivas Vasquez asserts that he "should've never went through that . . . hard time" and that his extended

---

[1] Though framed as "false imprisonment," this claim is interpreted as alleging an unconstitutional deprivation of liberty without due process, as was plead in the original Complaint.

incarceration prevented him from helping his family. As a result of this extra time in jail, Rivas Vasquez contends that he sustained the following injuries: lost wages, "suffering," impaired family relationships, and post-traumatic stress disorder ("PTSD") and anxiety, for which he did not receive treatment. He seeks damages of $5,000 per day of unlawful detainment.

## II.   STANDARD OF REVIEW

As Rivas Vasquez is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the Amended Complaint be dismissed if it fails to state a claim. Whether a complaint states a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Thus, the Amended Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In conducting this analysis, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

A *pro se* complaint is liberally construed. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Nevertheless, even *pro se* plaintiffs must "allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). In essence, a complaint must provide the defendants with "fair notice" of what the plaintiff's claims are and of the grounds on which they rest. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). To provide fair notice, the complaint must identify who the defendants are and *what actions they took* in relation to the plaintiff's claims. *Id.*. That does not mean that a complaint has to "include every name, date, and location of the incidents at issue." *Id*. But it does have to have enough

information, stated with enough clarity, that a defendant could "reasonably be expected to respond." *Id.*

## III.  DISCUSSION

### A. Defendant Lehigh County

The Complaint names Lehigh County as a Defendant as the alleged employer of the judges and court officials involved in Plaintiff's case.  Even assuming Lehigh County employs these officials, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't Social Servs.*, 436 U.S. 658, 694 (1978).

To state a claim for liability against a municipal entity such as Lehigh County, a plaintiff must allege that a policy or custom adopted by the entity caused the alleged constitutional violation. *Id.* Therefore, Rivas Vasquez must "identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (alterations in original) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)).[2]  "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id*.  The complaint must also allege the existence of proximate causation, that is, an "affirmative link" between the identified policy or custom and the alleged constitutional violation. *Estate of Roman*, 914 F.3d at 798 (quoting *Bielevicz*, 915 F.2d at 850).

As Rivas Vasquez has not pointed to any Lehigh County policy or custom as the cause of

---

[2] To state a claim, Rivas Vasquez does *not* have to identify who the responsible decisionmaker was. *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019).

either his extended confinement or the lockdown conditions that he experienced during that time, his claim against the County will be dismissed without prejudice and with leave to amend.

### B. Defendant Steve Kalnas

The basis of the claim against Kalnas is that he was aware of Rivas Vasquez's request to be released from the Jail and took no action to help him. Rivas Vasquez believes that Kalnas was "the guy to help . . . because I was there for a probation violation," and Kalnas is purportedly the probation officer for all the inmates in Lehigh County.

On the form for the Amended Complaint, Rivas Vasquez checked the box indicating that he intends to sue Kalnas in his official capacity as a probation officer of Lehigh County Adult Probation and Parole. The probation and parole departments of Pennsylvania's individual judicial districts are "an arm of the State." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Rivas Vasquez therefore cannot bring a claim against Kalnas in his official capacity because State officials acting in their official capacity are not "persons" under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, a suit against Kalnas in his official capacity is "no different from a suit against the State itself," *id.*, and is therefore barred by the State's sovereign immunity under the Eleventh Amendment. *Id*. at 66.

Therefore, Rivas Vazquez's claims against Kalnas in his official capacity will be dismissed with prejudice.

Since Rivas Vazquez seeks damages and appears not to have understood the implications of checking the official capacity box, the Amended Complaint will be liberally construed to assert a claim against Kalnas in his individual capacity. *See Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (courts look to "the complaints and the 'course of proceedings'" to determine whether state officials were sued in their personal or official capacity (quoting *Kentucky v.*

*Graham*, 473 U.S. 159, 167 n.14 (1985))); *see also Coward v. City of Phila.*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (construing claim against correctional officer as an individual-capacity suit even though plaintiff did not check that box on the form complaint).

To survive dismissal, the Amended Complaint must plead sufficient facts to give Kalnas fair notice of the allegations against him.  It does not do so.  Rivas Vasquez alleges that he made known to Kalnas, through his counselor, the fact that he believed he had been incarcerated beyond the maximum term, and that Kalnas "didn't do anything."  He does not, however, explain what Kalnas could or should have done to help him.  The Amended Complaint identifies neither a duty that Kalnas failed to carry out nor an action that he should not have taken.  Indeed, Rivas Vasquez alleges no facts from which the Court could draw a reasonable inference that Kalnas had any influence whatsoever over the length of his confinement.  Rivas Vasquez's claims against Kalnas in his personal capacity will therefore be dismissed without prejudice.

An appropriate order will follow.

                                                   **BY THE COURT:**

                                                   /s/WENDY BEETLESTONE, J.

                                                 **WENDY BEETLESTONE, J.**